MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff
Fabric Selection, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TOPSON DOWNS OF CALIFORNIA, INC., a California corporation; WAL-MART STORES, INC., a Delaware corporation; DANIEL ABRAMOVITCH, an individual; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:17-cv-05721<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**(3) ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

Fabric Selection, Inc. ("**Plaintiff**" or "**Fabric Selection**") hereby alleges as follows:

## PARTIES

1. Plaintiff Fabric Selection is a California corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2. Plaintiff is informed and believes, and based thereon alleges, that

defendant Topson Downs of California, Inc. ("**Topson**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that Topson Downs is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Daniel Abramovitch ("**Abramovitch**") is an officer and/or owner of Topson. Abramovitch has the right and ability to and does supervise the relevant activities of Defendant Topson's operations and has a direct financial interest in the Topson activities that give rise to this litigation.

4. Plaintiff is informed and believes, and based thereon alleges, that defendant Wal-Mart Stores, Inc. ("**Wal-Mart**") is a corporation organized and existing under the laws of the State of Delaware, doing business nationwide, including within this judicial district. Plaintiff is further informed and believes that Wal-Mart operates retail stores and a website in the business of selling garments, apparel, and other goods to consumers nationwide.

5. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 50, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the torts, breaches, and wrongful practices alleged herein. The true names of DOES 1 through 50, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

6. Hereinafter defendants Topson, Abramovitch, Wal-Mart, and DOES 1 through 50, inclusive, shall be referred to collectively as "**Defendants**."

/ / /

/ / /

## JURISDICTION AND VENUE

7. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

8. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGNS

10. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE71178 ("**Design A**"). Attached hereto as Exhibit "1" is a true and correct copy of Design A.

11. On or about November 2, 2013, Fabric Selection obtained a Certificate of Registration for Design A from the United States Copyright Office, bearing registration number VAu 1-151-687. Attached hereto as Exhibit "2" is a true and correct copy of the Certificate of Registration for Design A (the "**Copyrighted Design A**").

12. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE405109 ("**Design B**"). Attached hereto as Exhibit "3" is a true and correct copy of Design B.

13. On or about June 14, 2014, Fabric Selection obtained a Certificate of Registration for Design B from the United States Copyright Office, bearing registration number VAu 1-174-138. Attached hereto as Exhibit "4" is a true and correct copy of the Certificate of Registration for Design B ("**Copyrighted Design B**").

14. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE31157 ("**Design C**"). Attached hereto as Exhibit "5" is a true and correct copy of Design C.

15. On or about November 25, 2013, Fabric Selection obtained a Certificate of Registration for Design C from the United States Copyright Office,

bearing registration number VAu 1-151-743. Attached hereto as Exhibit "6" is a true and correct copy of the Certificate of Registration for Design C ("**Copyrighted Design C**").

16. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE40324 ("**Design D**"). Attached hereto as Exhibit "7" is a true and correct copy of Design D.

17. On or about March 29, 2014, Fabric Selection obtained a Certificate of Registration for Design B from the United States Copyright Office, bearing registration number VAu 1-167-414. Attached hereto as Exhibit "8" is a true and correct copy of the Certificate of Registration for Design D ("**Copyrighted Design D**").

18. Design A, Design B, Design C, and Design D are sometimes referred to herein, collectively, as the "**Designs**."

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 18 hereinabove, and incorporates them by reference as if fully set forth herein.

20. Within the last three years, Defendants have manufactured and/or sold fabric and/or garments upon which were unauthorized reproductions of the Copyrighted Designs (the "**Infringing Goods**").

21. Defendants have imported, caused to be imported, licensed, manufactured, sold, advertised for sale and/or otherwise offered for sale the Infringing Goods to customers, including retailers and consumers, throughout the United States, including within this judicial district.

22. Attached hereto as Exhibit 9, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design A; and (b) a close up

of the design on said garment. For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design A and the design affixed to the subject garment bearing the unauthorized reproduction:

| Design A | Garment |
|---|---|



23. Attached hereto as Exhibit 10, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design B; and (b) a close up of the design on said garment. The following is a side-by-side comparison of Plaintiff's Design B and the design affixed to the subject garment bearing the unauthorized reproduction:

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

|**Design B**|**Garment**|
|---|---|
|  |  |

24. Attached hereto as Exhibit 11, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design C; and (b) a close up of the design on said garment. The following is a side-by-side comparison of Plaintiff's Design C and the design affixed to the subject garment bearing the unauthorized reproduction:

|**Design C**|**Garment**|
|---|---|
|  |  |

6

25.   Attached hereto as Exhibit 12, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design D; and (b) a close up of the design on said garment.   The following is a side-by-side comparison of Plaintiff's Design D and the design affixed to the subject garment bearing the unauthorized reproduction:

| Design D | Garment |
|---|---|



26.   On or around July 21, 2016, Fabric Selection sent cease and desist letters to Topson demanding that it immediately discontinue its unauthorized importation, manufacture, sale and distribution of the Infringing Goods, and requesting that it provide certain information regarding its manufacture and sale of the Infringing Goods.  On or around June 29, 2017, Fabric Selection sent cease and desist letters to Wal-Mart demanding that it immediately discontinue its unauthorized importation, manufacture, sale and distribution of the Infringing Goods, and requesting that it provide certain information regarding its manufacture and sale of the Infringing Goods.

27. By Defendants' knowingly unauthorized licensing, importing, manufacturing, advertising, offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyrights in the Designs.

28. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

29. Defendants' intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

30. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

31. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Designs. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Designs in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) for each violation, payable jointly and severally by each Defendant, in the full amount. In the event that any of the Doe Defendants are additional

retailers, Plaintiff is entitled to, and will seek, a separate award of maximum statutory damages as to each such additional Defendant's infringement (for which defendant Topson will be jointly and severally liable).

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement – Against All Defendants)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 hereinabove, and incorporates them by reference as if fully set forth herein.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided in, and profited from the illegal reproduction of Plaintiff's Designs and/or subsequent importing, advertising and/or sale of the Infringing Goods, as alleged above.

35. By Defendants' unauthorized duplication of the Designs, and by their offering and accepting for sale and sale of the Infringing Goods, Defendants, and each of them, have infringed Plaintiff's Copyrights in the Designs.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

37. By reason of Defendants' acts of contributory copyright infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

38. Defendants' infringing activities have continued and will continue to the detriment of Plaintiff and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods and designs.

39. By reason of the acts of Defendants alleged herein, Plaintiff has

suffered actual damages in an amount subject to proof at trial.

40. Due to Defendants' acts of contributory copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Designs in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

41. Plaintiff is informed and believes and based thereon alleges that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation, payable separately, in the full amount, by each infringing defendant.

## THIRD CLAIM FOR RELIEF

### (Accounting – Against Topson, Wal-Mart, and Does 1 - 50)

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41 hereinabove, and incorporates them by reference as if fully set forth herein.

43. Plaintiff is informed and believes, and based thereon alleges, that Topson has, among other things, withheld from Plaintiff books and records and a complete and accurate accounting with respect to its production, acquisition and/or sales of goods that infringe the copyrights of Fabric Selection, including those described herein as well as other copyrighted designs owned by Fabric Selection.

44. Plaintiff has made demand upon Topson for a proper accounting with respect to the above-described amounts or any other goods which Topson caused to be manufactured bearing the Designs, as well as other copyrighted designs owned

by Fabric Selection. Notwithstanding Plaintiff's demand for a proper accounting, Topson has failed and refused, and continue to fail and refuse, to render an accounting with respect to all transactions in which Plaintiff is informed and believes that Topson caused to be manufactured, and Wal-Mart and Does 1 through 50 caused to be sold, goods which infringe upon Fabric Selection's copyrights.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

<u>As to First Cause of Action (Copyright Infringement)</u>

1. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Designs for any purpose, including but not limited to, use of the Designs in attempting to sell and/or selling garments.

2. For an order requiring the recall and destruction of all garments infringing upon the Designs.

3. Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Design, in an amount subject to proof at trial; or, if elected, maximum statutory damages as available under the Copyright Act.

4. For attorneys' fees where allowed by law.

5. For such further and other relief as the Court deems just and proper.

<u>As to Second Cause of Action (Contributory Copyright Infringement)</u>

6. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Designs for any purpose, including but not limited to, use of the Designs in attempting to sell and/or selling garments.

7. For an order requiring the recall and destruction of all garments infringing upon the Designs.

8. Actual damages, plus Defendants' profits attributable to Defendants' contributory infringement of the Design, in an amount subject to proof at trial; or, if elected, maximum statutory damages as available under the Copyright Act.

9. For attorneys' fees where allowed by law.

10. For such further and other relief as the Court deems just and proper.

<u>As to Third Cause of Action (Accounting)</u>

11. An accounting by Topson, Wal-Mart, and Does 1 through 50 to Plaintiff with respect to and any and all amounts of infringing goods which Topson caused to be manufactured.

12. Payment over to Plaintiff of the amounts due from Defendants as a result of the accounting, plus prejudgment interest thereon, at the maximum rate allowed by law.

13. For costs of suit herein.

14. For such further and other relief as the Court deems just and proper.

Dated: August 2, 2017         RESCH POLSTER & BERGER LLP


                              By: _____/S/ Michael C. Baum_____
                                   MICHAEL C. BAUM
                                   Attorneys for Plaintiff
                                   Fabric Selection, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated: August 2, 2017                    RESCH POLSTER & BERGER LLP


By: _____*/S/ Michael C. Baum*_____
     MICHAEL C. BAUM
     Attorneys for Plaintiff
     Fabric Selection, Inc.