# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-05721-CAS (AFMx)<br>2:18-cv-04626-CAS (AFMx) | Date | August 13, 2018 |
| Title | FABRIC SELECTION, INC. v. TOPSON DOWNS OF CALIFORNIA, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Baum | Erica Van Loon |
| Andrew Jablon | |

**Proceedings:** PLAINTIFF'S MOTION TO CONSOLIDATE (Dkt. 40, filed July 9, 2018)

## I. INTRODUCTION & BACKGROUND

On August 2, 2017, plaintiff Fabric Selection, Inc. filed this copyright infringement action against defendants Topson Downs of California, Inc., Daniel Abramovitch, and Walmart, Inc. Dkt. 1 ("Topson I"). The complaint alleges that plaintiff is the author of, and copyright holder in, four print designs, which defendants allegedly infringed upon by manufacturing and/or selling fabric and/or garments using unauthorized reproductions of those designs. Id. On May 25, 2018, plaintiff filed a closely related complaint against the same defendants alleging copyright infringement with respect to 22 additional designs. Fabric Selection, Inc. v. Topson Downs of California, Inc., et al., No. 2:18-cv-04626-CAS (AFMx) ("Topson II"), dkt. 1.

On July 9, 2018, plaintiff filed the instant motion to consolidate these two cases. Dkt. 1 ("Mot.") On July 23, 2018, defendants filed an opposition, dkt. 41 ("Opp'n"); and plaintiff filed a reply on July 30, 2018, dkt. 42 ("Reply"). The Court held a hearing on August 13, 2018. Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-05721-CAS (AFMx)<br>2:18-cv-04626-CAS (AFMx) | Date | August 13, 2018 |
| Title | FABRIC SELECTION, INC. v. TOPSON DOWNS OF CALIFORNIA, INC., ET AL. | | |

orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court has "broad discretion under this rule to consolidate cases pending in the same district." Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (citation omitted). Although the Court has broad discretion in determining whether consolidation is appropriate, "typically, consolidation is favored." In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig., 282 F.R.D. 486, 490 (C.D. Cal. 2012) (internal quotation marks and citation omitted).

### III. DISCUSSION

Plaintiff contends that consolidation of these actions is appropriate because they share common issues of law and fact and involve both the same parties and counsel. Accordingly, plaintiff indicates that consolidation would save the parties time and effort in addition to conserving judicial resources. Mot. at 7–8. Defendants' lead argument against consolidation is that Topson II is not properly "before the court" within the meaning of Rule 42(a) because the claims in that case are subject to binding arbitration. Opp'n at 3–5. However, as explained in the Court's separate order denying defendants' motion to compel arbitration, defendants have failed to carry their burden of demonstrating that a valid agreement to arbitrate exists. The Court agrees with plaintiff that consolidation is warranted.

The two actions involve common issues of law and fact. Both actions involve the same parties and the same claims for copyright infringement and contributory copyright infringement with respect to 26 copyrighted print designs. In both cases, defendants will likely assert the same defenses, namely that defendants had a license to use the designs and that some of the copyrights are invalid. Defendants assert that their invalidity defenses will require a "design-by-design analysis" and accordingly "[i]ndividual issues predominate" over "common questions of law or fact." Opp'n at 7. But because multiple designs are already at issue in both cases, no efficiency would be lost by adjudicating those defenses in a single action. Defendants also maintain that the cases have "distinct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:17-cv-05721-CAS (AFMx)<br>2:18-cv-04626-CAS (AFMx) | Date | August 13, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. TOPSON DOWNS OF CALIFORNIA, INC., ET AL. | | |

characters" in that the "main dispute of *Topson I* concerns the existence of a license agreement, while the main dispute of *Topson II* concerns the scope of a license agreement." Id. However, it is undisputed that both actions arise out of the same set of facts and that the central disagreement concerns nature of the parties' licensing relationship.

     Because the actions are so closely related, consolidation would serve the interests of judicial economy by promoting efficiencies and saving a significant amount of time and resources for both the parties, witnesses, and the Court. However, as defendants note, these actions were filed more than nine months apart and their procedural dispositions differ accordingly. In Topson I, the parties have nearly completed document and witness discovery—the fact discovery cut-off is September 4, 2018; the last day to file motions is September 7, 2018; and trial is set for January 29, 2019. Dkt. 37. On the other hand, no scheduling order is in place in Topson II. Accordingly, defendants contend that consolidation would either result in prejudice because defendants would be forced to defend against infringement claims for the 22 additional designs at issue in Topson II according to the schedule order in Topson I, or the deadlines in Topson I would need to be need continued for a second time, resulting in unnecessary delay. Opp'n at 8–9.

     Although "differing trial dates or stages of discovery usually weigh against consolidation," Lewis v. City of Fresno, No. CV-F-08-1062 OWW/GSA, 2009 WL 1948918, at *1 (E.D. Cal. July 6, 2009), defendants' concern about prejudice can be addressed by continuing the dates in Topson I to permit the parties to conduct further discovery if necessary and to provide enough time to prepare for any pre-trial motions practice. The Court finds that the gains to judicial economy served by consolidation substantially outweigh any inconvenience or delay resulting from a continuance in Topson I. Accordingly, the Court concludes that consolidation is appropriate.

     Finally, defendants maintain that if the cases are consolidated, they must "retain their separate identities" rather than being merged into a single cause of action. For example, defendants indicate that they should not be prohibited from asserting a statute of limitations defense against several claims in Topson II. Opp'n at 9–10. Defendants may rest assured that consolidation will not affect any separate right or defense asserted in either of the consolidated actions. See J. G. Link & Co. v. Cont'l Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972) ("the law is clear that an act of consolidation does not affect

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-05721-CAS (AFMx) <br> 2:18-cv-04626-CAS (AFMx) | Date | August 13, 2018 |
| Title | FABRIC SELECTION, INC. v. TOPSON DOWNS OF CALIFORNIA, INC., ET AL. | | |

any of the substantive rights of the parties."). From this point forward, the cases are consolidated, but "each suit [shall] retain its separate character." Schnabel v. Lui, 302 F.3d 1023, 1035–36 (9th Cir. 2002). Moreover, at this stage in the litigation, consolidation for trial purposes could be premature. The Court therefore consolidates these actions for pre-trial purposes only. See, e.g., Newmark v. Turner Broadcasting Network, 226 F. Supp. 2d 1215, 1223 n. 8 (C.D. Cal. 2002) (ordering consolidation of cases for discovery and pretrial purposes but reserving "for another day the issue of whether these actions should be consolidated for trial").

## IV. CONCLUSION

Accordingly, plaintiff's motion to consolidate is hereby **GRANTED**. At this stage, the cases are consolidated for pre-trial purposes only.

IT IS SO ORDERED.

|  | 00 : 03 |
|---|---|
| Initials of Preparer | CMJ |